### ABSHIRE v. STATE OF INDIANA.

[No. 25,340.    Filed October 6, 1927.]

1. BURGLARY.—*Evidence insufficient to sustain conviction for entering house and attempting to commit felony.*—In a prosecution on a charge of entering a house and attempting to commit a felony, as such crime is defined in §2448 Burns 1926, evidence showing no more than an intent to commit such crime, without any attempt to commit it, is insufficient. p. 480.

2. BURGLARY.—*Evidence necessary to sustain charge of entering building and attempting felonious assault.*—On a charge of entering a house and attempting to feloniously assault a woman therein, the evidence must not only show an unlawful entry of the building, but that the accused attempted to commit the felony named on the woman named in the indictment or affidavit. p. 480.

From Vanderburgh Circuit Court; *Charles P. Bock*, Judge.

Archie Abshire was convicted of entering a dwelling house and attempting to feloniously assault a woman therein, and he appeals. *Reversed.*

*Ernest J. Crenshaw,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Harry L. Gause,* Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant was prosecuted in the Vanderburgh Circuit Court, upon an amended affidavit, part of which was as follows:

"Sherman Hamsley being duly sworn upon his oath says that Archie Abshire on or about the 5th day of August, A. D. 1926, at said County and State, as affiant verily believes did then and there unlawfully and feloniously, in the nighttime, enter the dwelling house of Daisy Baker, then and there situated in said County and State, and did and there unlawfully and feloniously attempt to commit a felony, to wit: to then and there unlawfully and feloniously make an assault in and upon one Daisy Baker, a woman over the age of sixteen (16) years, and then and there unlawfully and feloniously attempt to ravish and carnally know her, the said Daisy Baker, forcibly against her will."

Said affidavit also charged that the appellant has been previously twice convicted, sentenced and imprisoned in a penal institution, for felonies. He entered a plea of not guilty. The cause was submitted to the court without the intervention of a jury. The court found that he was "guilty of the crime of entering a house to commit a felony as charged in the amended affidavit," and further found that he had been previously twice convicted, sentenced and imprisoned in the Indiana reformatory, a penal institution, for felonies. The court adjudged that for the offense of entering a house to commit a felony, as charged in the amended affidavit, he be committed to the Indiana state prison for a period of not less than two years and not more than fourteen years, and be disfranchised and rendered incapable of holding any office of trust and profit for a period of ten years. And the court ordered and adjudged that, as an habitual criminal, he be com-

mitted to the Indiana state prison for and during life.

The first part of the amended affidavit was based on §2448 Burns 1926, the subject-matter of which is: "Entering building and attempting to commit felony." He was adjudged guilty of entering a house to commit a felony, by which was doubtless meant entering a house with intent to commit a felony, which is one of the elements of the crime of burglary; but not of the crime for which he was tried.  §2447 Burns 1926.

He filed a motion for a new trial for the causes that the finding of the court was contrary to law and was not sustained by sufficient evidence.  The motion was overruled.

By the evidence the following facts were shown: Mrs. Hazel Baker and Miss Evelyn Haskins were sleeping in the same bed in a room in a house at 905 Fulton avenue in the city of Evansville, on the morning of August 5, 1926.  They were suddenly awakened about ten minutes before 4 o'clock and saw the appellant standing at the foot of their bed.   One of them reached under her pillow for a revolver, and as she did this, appellant got on his hands and knees and crawled into another bedroom, then into a living room, where he got on his feet and ran out of the house.

To sustain the conviction, the evidence must not only show that he entered the building, but also that he "did then and there unlawfully and feloniously 1, 2. attempt to commit a felony, to wit: to then and there unlawfully and feloniously make an assault in and upon one Daisy Baker, a woman over the age of sixteen (16) years, and then and there unlawfully and feloniously attempt to ravish and carnally know her, the said Daisy Baker, forcibly and against her will."  In the evidence, there is no mention made of Daisy Baker, named in the amended affidavit as the owner of the dwelling-house entered by appellant, and upon whom, it

is alleged, he attempted to commit the crime charged. It is not shown that Hazel Baker, a witness, was the same person as Daisy Baker, named in the amended affidavit. When appellant was discovered in the dwelling-house, he at once escaped from same. And it does not appear that he attempted to commit the crime of which he was accused on either of the occupants of said room. The evidence showed that about a month before this occurrence, the appellant had entered a house in the city of Evansville and had committed a rape on a girl, who was seventeen years old. The mere fact that the evidence showed that he had broken into another house was not proof of an attempt to commit the acts alleged in the instant case. The finding of the court was not sustained by sufficient evidence and was contrary to law.

The judgment is reversed, with instructions to the trial court to sustain the motion for a new trial.