PULLINS *v.* STATE OF INDIANA.

[No. 1067S113. Filed March 25, 1970. No petition for rehearing filed.]

*Robert A. Mucker, Rolland L. Strausbaugh,* of Lafayette, for appellant.

*John J. Dillon,* Attorney General, and *Douglas B. McFadden,* Assistant Attorney General, for appellee.

ARTERBURN, J.—Appellant was convicted of robbery while armed. The evidence most favorable to the State reveals the following events: At 1:40 a.m. on October 12, 1966, two men entered the office of the Kings Crown Motel in West Lafayette, Indiana. Both men were brandishing weapons. The first one to enter was later identified as the appellant. He had a red bandanna over the lower portion of his face and was armed with a chrome plated pistol. Appellant jumped over the counter and removed the money from the cash register while his accomplice, who was wielding a shotgun, forced the desk attendant to lie on the floor. Upon their departure, the attendant telephoned the police and gave them a description of the robbers. Two police officers observed two suspects, fitting the description given, driving an automobile south on U. S. 52. The time was 2:00 a.m. The suspects' car accelerated up to 120 miles per hour. The officers gave chase. At this point another police car, which had proceeded to U. S. 52 to observe traffic and possible suspects, joined in the chase. The officers exchanged gunshots with the occupants of the fleeing car. At one point a shotgun was thrown from the window of the suspects' fleeting car. Another gunshot caused the fleeing automobile to swerve out of control, cross to the other side of the highway, and crash. When the officers arrived at the scene

the suspects were not to be found. Additional help was summoned to search the area, which was approximately thirty (30) miles from the scene of the robbery.

The police received a call from a resident of the area being searched. He stated that when he entered his basement he saw a negro male sitting in the tool crib. The man was apparently unconscious or asleep. When the police arrived in response to the call the man had departed. The search of the surrounding area intensified. In a cornfield adjoining the house two officers found the appellant. He was lying on the ground camouflaged beneath corn leaves, weeds and other cover. Appellant complained of injury to his arms. A search of appellant revealed $157.00 in currency in his pocket and $180.00 in currency in his wallet. He was clutching a five dollar bill in one hand. A red bandanna was found at the wrecked car. It was identified as similar to the one the robbers wore.

Appellant's first specification of error is that there is insufficient evidence to support a finding of his involvement in the robbery. The argument under this specification relates primarily to the testimony of the desk attendant and his identification of the appellant. The attendant made a positive and unequivocal identification of the appellant as one of the robbers. The record contains the following:

"A. Well, the first man in had a bandanna over his face. He had on a dark long sleeved sport shirt and dark sport pants.

"Q. What race was he?

"A. He was Negro.

"Q. Mr. Spielman, I'll ask you whether or not the man, who was the first man who came in the door on that night of October 12th—the man who had the pistol in his hand, whether or not that man is in the courtroom today?

"A. Yes, sir he is.

"Q. And where is he seated?

"A. This man right here.

"Q. The man in the blue shirt? Pardon me, the man in the blue sweater?

"A. Yes, sir.

"Q. Would you point him out to the jury?

"A. This man.

"Q. How do you know that is the same man?

"A. Well, from looking at him the general build and, although I didn't see his full face, from viewing the eyes, the shape of the head, the forehead, and the hair cut, I would say that is the same man."

On cross-examination the witness again testified that there was absolutely no doubt in his mind that appellant was one of the robbers. Appellant on appeal attempts to cast doubt upon the credibility of this testimony. Suffice it to say that the witness was subjected to thorough cross-examination. It is not our function to weigh such testimony or pass upon the credibility of witnesses. *Croney* v. *State* (1969), 252 Ind. 319, 247 N. E. 2d 501.

The next specification of error relates to the admission into evidence of various exhibits. In particular, appellant questions the relevancy of State's Exhibits 2, 3, 6, 7 and 8 which were admitted into evidence over the appellant's objection. We feel the admissibility, materiality, relevancy and competency of the above exhibits were proper as proving or tending to prove a material fact. Any fact which tends to connect appellant with the commission of the crime is admissible. *Foreman* v. *State* (1938), 214 Ind. 79, 14 N. E. 2d 546.

Exhibit No. 2 was a .25 calibre chrome plated pistol which was found along highway U.S. 52 on a farm a short distance from where the getaway car crashed and in the vicinity where appellant was found. The desk attendant testified that the pistol looked like the chrome plated gun used by appellant in the robbery. He stated it was either the same pistol or one extremely similar to the pistol appellant used. Likewise, the attendant testified that Exhibit No. 6, which was a shotgun, was similar to the shotgun carried by

appellant's companion. The shotgun was found alongside U. S. 52. As was previously noted, evidence was to the effect that a shotgun was seen being thrown from the fleeing automobile. A detective recovered the shotgun and attached his initials to it. Where there is evidence of identification by direct testimony, objections to its sufficiency go to the weight rather than to the admissibility of the articles. In *Jackson* v. *State* (1967), 248 Ind. 579, 228 N. E. 2d 2, we held that certain items were admissible into evidence although the witness testified they were similar to the items the accused wore but that he was not absolutely positive that the articles were the same ones that the accused wore at the time of the offense.

State's Exhibit No. 3 was a clip for a .25 calibre pistol. When the pistol, Exhibit No. 2, was found it contained a clip. When the clip was offered into evidence however, the policeman then testifying stated that it would be impossible for him to tell whether Exhibit No. 3 was the particular clip found in the pistol. Appellant objects to the use of the clip as evidence. Appellant has failed to relate all the relevant testimony. The record shows that the pistol, containing a clip, was turned over to the Indiana State Police, who then gave it to the sheriff. The sheriff testified that the clip introduced into evidence was the clip from the pistol. Upon this testimony appellant's argument must fail.

State's Exhibit No. 7 was a car rental receipt which was removed from appellant's wallet. State's Exhibit No. 8, which was also removed from appellant's wallet, was a draft card. A police officer testified that the rental receipt had been cross-checked with the invoice number at the rental agency. However, his testimony that the receipt was in fact the rental receipt for the particular car in question was stricken. It is contended that even though the testimony of the officer was stricken, the appellant was prejudiced by the failure of the trial court to admonish the jury to disregard such testimony. The appellant made no request for an admonition and cannot complain. We cannot say that appellant

was harmed by the admission into evidence nor has appellant shown such harm. Under the circumstance of this case any error would be harmless. We fail to see how the rental receipt strengthens the State's case or relates to an essential element of the offense charged. *Dillon* v. *State* (1923), 194 Ind. 600, 142 N. E. 643; *England* v. *State* (1968), 249 Ind. 446, 233 N. E. 2d 168.

Appellant's final contention for reversal relates to State's Exhibit No. 9, which was a driver's license taken from appellant's wallet. The license was in the name of a Ronald Reed. Appellant's motion to suppress this exhibit was denied. The argument is that the officers who apprehended appellant in the cornfield failed to inform him they were placing him under arrest; that there was therefore no lawful arrest; and that the subsequent search of appellant was illegal. Appellant's reasoning is faulty. The record here shows that appellant was searched as soon as he was taken into custody. The arresting officers were unable to recall whether appellant was told he was under arrest before he was searched. Under the circumstances, we place little importance upon whether appellant was told he was under arrest.

The obvious purpose of informing a suspect he is under arrest is not to make the arrest legal but to indicate to the person being arrested that his detention is legal, so he will not resist. In *Plummer* v. *State* (1893), 135 Ind. 308, 34 N. E. 968, the town marshal, attempting to arrest the defendant without a warrant, failed to inform the defendant of his intention, but simply attacked him. We held that under these circumstances the defendant could exercise his right to defend himself, the same as against any unprovoked attack. Here no force was employed. The reason for informing appellant he was under arrest was not present. We further note that the fact of intent to arrest may be shown by surrounding facts and circumstances. Here a verbal statement of an intent to arrest would have been an idle ceremony. The evidence clearly shows that appellant fit the description of one

of the robbers; that he had been involved in a high speed escape attempt; and that at the time of his apprehension he was lying in a cornfield, where he had covered himself with corn leaves in an effort to escape detection.

All this evidence of fleeing and concealment after a gun battle with police at high speed may be considered by the jury on the issue of guilt.

Judgment affirmed.*

Hunter, C. J., and Givan, J., concur; DeBruler, J., concurs in result; Jackson, J., concurs in result, and dissents as to the introduction into evidence of exhibits not identified as being the same items in possession of appellants.

NOTE.—Reported in 256 N. E. 2d 553.

* This case was assigned to the writer of this opinion on January 30, 1970.