EDWARD NICHOLS, JR. *v.* STATE OF INDIANA.

[No. 2-1072A84. Filed September 20, 1973.]

*Richard L. Milan, Craven and Milan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—This is an appeal by Defendant-Appellant, Edward Nichols, Jr. (Nichols), from a conviction of Entering to Commit a Felony in violation of Ind. Ann. Stat. § 10-704 (Burns 1956 Repl.) claiming, inter alia, insufficient evidence to support the conviction.

We reverse.

## FACTS

The facts and evidence most favorable to the State are:

In March of 1972 Lester McGuire (McGuire) and a partner owned and operated a business known as "Indianapolis

Stage Rentals, Inc." at 320 N. Capitol Avenue, Indianapolis, Indiana.

At approximately 4:00 P.M. on March 6, 1972, McGuire left the Indianapolis Stage Rentals office but was recalled by his partner at approximately 11:00 P.M. on that same day because of an apparent burglary earlier in the evening.

McGuire testified at the trial that when he returned to the office a toolbox had been moved twelve to fifteen feet from the place he last remembered it and that the lid of the toolbox was open. He further testified that the glass in the small frame door in the front of the building was broken out.

It was also his testimony that he had no knowledge of who may have entered or left the building between 4:00 P.M. and 11:00 P.M. on March 6, 1972 and that he had no knowledge of whether or not his partner had entered the building in his absence or whether his partner had moved the toolbox.

The Indianapolis Police Department obtained certain latent fingerprints from the lid of the toolbox and from some of the broken glass found near the front door. These latent fingerprints were identified at the trial as Nichols' fingerprints.

In its Brief the State draws our attention to the fact that Nichols was observed by a police officer inside the building and running from the building where he was captured approximately one block away by another police officer. *These facts,* however, *appear only in the pre-sentence investigative report* and were not entered as evidence at the trial.

Nichols was charged by Affidavit with the crime of Second Degree Burglary. On May 15, 1972, trial was had before a jury culminating in a verdict of Entering to Commit a Felony (Second Degree Burglary).

## ISSUE

Was the evidence sufficient to sustain Nichols' conviction for Entering With the Intention to Commit a Felony?

Nichols contends that the evidence was insufficient in every respect to sustain his conviction for entering the Indianapolis Stage Rentals building with the intention to commit a felony.

The State, however, replies that the evidence was sufficient to sustain Nichols' conviction for the reason that his fingerprints were found inside the building on the toolbox and broken glass found on the floor.

Nichols also claims errors relating to the refusal of the trial court to grant a continuance and his forced submission to fingerprinting prior to trial. Because this case is reversed for insufficient evidence to support Nichols' conviction we need not consider these questions.

## DECISION

CONCLUSION—It is our opinion that the evidence was not sufficient to sustain Nichols' conviction for Entering With the Intention to Commit a Felony because there was no evidence, direct or circumstantial, tending to prove he entered the building with the intent of committing a felony.

Nichols was convicted under the provisions of Ind. Ann. Stat. § 10-704 (Burns 1956 Repl.) which makes it a crime for anyone to enter certain named buildings (including ginseng gardens and interurbans) ". . . with the intent to commit a felony therein, . . ."

The existence of an intention to commit a felony at the very moment the defendant enters the building is an essential element of this crime. The evidence must not only show that the defendant entered the building, but it also must show beyond a reasonable doubt that he entered the building with an intention to commit a felony therein. *Abshire* v. *State* (1927), 199 Ind. 478, 158 N.E. 228; *Crawford* v. *State* (1968), 251 Ind. 437, 241 N.E.2d 795.

While the specific intent may be proven by circumstantial evidence, such evidence will not be sufficient if it merely tends

to arouse suspicion of guilt. *Bradley* v. *State* (1972), 153 Ind. App. 421, 287 N.E.2d 759; *Easton* v. *State* (1967), 248 Ind. 338, 228 N.E.2d 6; *Baker* v. *State* (1957) 236 Ind. 55, 138 N.E.2d 641; *Baker* v. *State* (1973), 260 Ind. 618, 298 N.E.2d 445; *Tibbs* v. *State* (1970), 255 Ind. 309, 263 N.E.2d 728; *Manlove* v. *State* (1968), 250 Ind. 70, 232 N.E.2d 874; *Crawford* v. *State, supra.*

One element of circumstantial evidence which could contribute to a conviction for Entering to Commit a Felony is the presence of the suspect within the premises burglarized. However, his presence, without more, in or near the burglarized premises is not sufficient to prove that he had an intention to commit a felony at the time he entered the building. *Crawford* v. *State, supra.*

The only evidence placing Nichols in or near the building was contained in the pre-sentence investigative report. Damning though such evidence may be it was not evidence introduced at Nichols' trial and therefore may not be used to sustain his conviction of Entering to Commit a Felony.

As our Supreme Court recently acutely observed in *Hardin* v. *State* (1973), 260 Ind. 501, 296 N.E.2d 784:

> "No court may support its 'finding' on the suffiicency of the evidence of guilt of the accused from matters not received in evidence at trial. . . . It (the pre-sentence report) would be violative of due process to use information from this type of report to bolster the in-court testimony on the question of guilt."

So the only evidence connecting Nichols with the Crime of Entering to Commit a Felony on the premises of the Indianapolis Stage Rentals office is that his latent fingerprints were found on the tool box and broken glass near the front door.

The fingerprints do indicate his presence within the building at one time or another. For aught that appears, his

entry may have been authorized as a business invitee or as an employee.

While the circumstances are suspicious, it is an eternal verity of criminal jurisprudence that a person charged with crime may only be convicted by proof beyond a reasonable doubt. ·

Absent competent evidence tending to prove Nichols entered the building with the requisite intent an essential element of the Crime of Entering to Commit a Felony is lacking.

This conviction therefore is reversed and remanded to the trial court with instructions to grant Nichols a new trial.

Sullivan and White, JJ., concur.

NOTE.—Reported at 301 N.E.2d 246.