DEWAYNE POWELL *v.* STATE OF INDIANA.

[No. 2-1173A151. Filed June 26, 1974. Rehearing denied August 7, 1974. Transfer denied November 26, 1974.]

*Anthony V. Luber,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Larry C. Gossett,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—Dewayne Powell (Powell) was convicted of first degree burglary by a jury for his participation in the robbery of an elderly man in his home. Judgment was entered thereon.

The facts and inferences most favorable to the State establish that Powell was one of two men who burst into the victim's home, removed items of value from his person and home at gunpoint, stole his car, and left him "hog tied" with a sweeper cord in his basement. Since the victim was not allowed to look at the burglars and had his head covered with a cloth during most of the incident, he was unable to identify his assailants.

However, Powell was positively identified through a latent fingerprint found upon a television the intruders had attempted to remove from the victim's home, but had abandoned inside the home. It was shown that Powell could not have had access to the television less than one year prior to the crime, when it had been removed from the home for repairs and may have been placed in a public area of a repair shop. It was further shown that the surface of the television upon which the fingerprint was found had been dusted frequently since that time.

The first issue Powell presents on appeal concerns the sufficiency of this evidence to support his conviction. Aside from an invitation to re-weigh the evidence in this case, which this court must decline, Powell relies solely upon the case of *Nichols* v. *State* (1973), 157 Ind. App. 605, 301 N.E.2d 246.

In *Nichols* the court held that where the only evidence connecting a defendant with a second degree burglary of a business was his latent fingerprints on the door and on an object in a public area of the business, there was insufficient

evidence to support his conviction. This was because the possibility existed that the defendant could have legitimately entered the premises and left his fingerprints during business hours.

In the case at bar, unlike *Nichols,* all possibilities that Powell could have come into contact with the television legitimately were foreclosed. The victim did not know Powell and had not admitted him to his home. Also, the last possible public access to the television was approximately a year before the crime, and it had been dusted regularly since that time. Thus, the only conclusion that can be reached is that Powell left his fingerprint on the television while attempting to remove it from the victim's home and, therefore, was one of the men who broke into the victim's home to steal from him. Since there was evidence and inferences to establish each material element of the charge, the trial court properly denied Powell's motion for judgment on the evidence, and the jury's verdict had a sufficient factual basis.

At a hearing prior to the trial of this case, the trial court ordered Powell to submit to fingerprinting. Powell objected to both the taking of the fingerprints and the introduction of them in evidence, and raises these actions of the trial court as error on appeal. However, since he cites no authority to the court for these contentions, these alleged errors must be deemed waived. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). *Yeary* v. *State* (1971), 257 Ind. 159, 273 N.E.2d 96; *Matthew* v. *State* (1972), 154 Ind. App. 182, 289 N.E.2d 336. And, even assuming, arguendo, that these issues were properly raised, the record demonstrates no prejudice to any right guaranteed Powell by the Constitution of the United States.

Powell further predicates error upon the giving of the following jury instruction:

"One of the essential elements in the offense of burglary is the element of 'breaking.' This term does not imply

the actual fracturing or shattering of a material part of a building, such as a door or window. 'Breaking', as used in reference to the offense of burglary, includes the putting aside of any material part of the building intended as a security against invasion, such as removing a window screen or opening a closed door.

"Walking through an open door does not constitute a 'breaking' in this sense. However, the use of the slightest force in pushing aside a door in order to enter *does* constitute a breaking through the doorway." (Emphasis supplied.)

It is Powell's contention that this instruction invades the constitutional province of the jury to determine the law in criminal cases as stated in Art. 1, § 19 of the Constitution of Indiana. He asserts that this invasion results from the mandatory language in the last sentence, which directs the jury to find a "breaking" if they find that the burglars pushed aside the door of the victim's home.

It is true that our Supreme Court has stated in a line of cases that any instruction which indicates to the jury that certain evidence is sufficient to establish any ultimate fact or to create a presumption of an ultimate fact invades the constitutional province of the criminal jury. See: *Madden* v. *State* (1970), 254 Ind. 628, 261 N.E.2d 847; *Dedrick* v. *State* (1936), 210 Ind. 259, 2 N.E.2d 409. Cf: *Pritchard* v. *State* (1967), 248 Ind. 566, 230 N.E.2d 416. However, this line of cases is clearly distinguishable from the situation presented by the instant case. In the cases cited, the juries were instructed that they must reach, or there existed a presumption in favor of their reaching, a certain conclusion of ultimate fact where they found that certain evidentiary facts existed. That is to say, the attention of those juries was directed to only one possible ultimate conclusion of fact where several possible conclusions existed and might have been reached absent the instruction.

In the case at bar, however, the instruction in question directed the attention of the jury to the only conclusion that

they could have reached. The instruction stated, in effect, that if the jury found that certain facts existed, then a "breaking" had occurred within the meaning of the statute. Although this instruction is not of a class that should serve as a model for future jury instructions due to its mandatory nature, it served only to point out to the jury the sole conclusion they could have reached given certain facts, and not to select one ultimate conclusion of fact for the jury from several alternatives.

The instruction here at issue could not have prejudiced Powell since the jury could not have properly found otherwise. Furthermore, his conviction is clearly sustained by the evidence.

No reversible error having been shown, the judgment of conviction of the trial court must be affirmed.

Affirmed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 312 N.E.2d 521.