Edward BALLARD, Appellant,

v.

STATE of Indiana, Appellee.

No. 981S258.

Supreme Court of Indiana.

Aug. 10, 1982.

Leeney & Uzis, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of murder. He was sentenced to a thirty-five (35) year term of imprisonment.

The record reveals the victim, appellant's estranged wife, suffered six gunshot wounds when she exited a residence inhabited by Grooms. Her assailant ran toward her and Grooms with a gun; the victim told Grooms to run. After being so instructed once again, Grooms fled and hid in a vacant basement apartment, leaving the victim on the front porch.

Grooms later identified appellant as the man with the gun. Another witness testified he saw a man with a gun run to Grooms' residence when the victim and Grooms were on the front porch. He further testified he saw the man shoot the victim several times as she pleaded with him not to hurt her. Her attacker continued to fire at her after she fell and then ran in the same direction as Grooms.

Appellant first claims the trial court erred by denying his motion for mistrial or alternatively taking curative action after allegedly improper testimony was elicited from a police officer by the State during redirect examination.

The questioned testimony was as follows:

"Q: Now, when you saw Mr. Grooms at the scene, did he attempt to run from you when you told him you were a police officer?

"A: No.

"Q: Did you have any difficulty in getting him to go down to the police station?

"A: No.

"Q: Did he resist in any way?

"A: No.

"Q: Did you see the defendant Edward Ballard at the scene?

"A: No."

Appellant argues the final question and response was an improper comment on his pre-arrest silence. He contends the series of preceding questions suggests Grooms was there to come forward and voluntarily tell what happened in contrast to the appellant who was not seen and, by implication, kept silent regarding the murder.

The granting of a mistrial is within the discretion of the trial court. The motion must be granted when the underlying event at trial has placed the defendant in a position of grave peril to which he should not have been exposed. *Bailey v. State*, (1980) Ind., 412 N.E.2d 56. We do not perceive the question and answer as being a comment on appellant's pre-arrest silence. The officer was solely asked if he saw appellant at the scene. Previous to the officer's testimony, the jury heard Grooms testify that the victim had instructed him to run away when she saw her husband, the appellant, coming toward them. Another witness stated he had seen the assailant run from the scene after shooting the victim. Combined with the other testimony, the inquiry may be characterized as evidence of flight or avoidance of arrest which is admissible to show guilty knowledge. *Porter v. State*, (1979) Ind., 391 N.E.2d 801. We do not believe asking the officer if he saw appellant at the scene placed him in a position of grave peril so as to require a mistrial.

Admonishment of the jury is similarly within the discretionary ambit of the trial court and is reviewable only for abuse of discretion. *Biggerstaff v. State*, (1982) Ind., 432 N.E.2d 34; *Marsh v. State*, (1979) Ind., 393 N.E.2d 757. Because appellant failed to request that the trial court admonish the jury, he has waived the allegation. *Biggerstaff, supra; Pullins v. State*, (1970) 253 Ind. 644, 256 N.E.2d 553. The trial court did not err by failing to take any curative action.

Appellant claims the evidence was insufficient to support the conviction of murder. He alleges the evidence, circumstantial in nature, does not exclude all reasonable hypothesis of innocence. However, we need only find that an inference may reasonably be drawn therefrom which supports the finding of the trial court. *Eaton v. State*, (1980) Ind., 408 N.E.2d 1281.

I.C. § 35–42–1–1 [Burns 1979 Repl.] provides that a person who knowingly and intentionally kills another human being commits murder. The record reveals Grooms identified appellant as the man running toward him and the victim. Another witness testified he saw a man running toward Grooms and the victim with a gun. Yet another witness stated he heard the victim plead with someone named Edward to leave her alone.

This Court has held the necessary intent to commit murder may be inferred from intentional use of a deadly weapon in a manner likely to cause death. *Jackson v. State*, (1981) Ind., 426 N.E.2d 685. The victim sustained six gunshot wounds. Testimony was heard that the assailant continued to shoot the victim after she fell. Under our standard of review, we hold the evidence was sufficient on the issues of identification and intent to support the conviction.

The defendant alternatively argues the evidence was sufficient to mitigate the conviction of murder to voluntary manslaughter. He has failed to raise this issue in his motion to correct errors. Therefore, he has failed to preserve the issue for our appellate review. *Whitlock v. State*, (1981) Ind., 426 N.E.2d 1292. We note, however, the appellant testified he felt no anger, sudden resentment or fear directed at the victim and was "rational."

The trial court is in all things affirmed.

All Justices concur.