**Mark E. HANKS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 584 S 176.

Supreme Court of Indiana.

Oct. 25, 1985.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

The appellant, Mark Hanks, was convicted by a jury of Burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.), and Theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1985 Repl.), and was sentenced to concurrent terms of imprisonment of twelve years and two years. In this direct appeal he challenges the sufficiency of the evidence. Specifically, he argues that the only physical evidence implicating him in the crimes, his fingerprint on a mirror which had to be moved to reach the stolen goods, did not suffice to prove he committed the burglary and theft.

On review, we will neither reweigh the evidence nor judge the credibility of the witnesses. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. We will look only to the evidence most favorable to the State to determine whether the crimes were proved beyond a reasonable doubt. *Id.*

The facts which support the trial court's judgment of conviction are as follows. The victim of the crime, Mr. Linville Ray England, was acquainted with appellant, who had visited Mr. England in his house ten days before the burglary. Appellant visited Mr. England again the morning of the crime but did not enter the house. He and Mr. England had a conversation on the front porch during which appellant told Mr. England he needed money. Mr. England mentioned to appellant that he was leaving soon on an errand, and appellant left. Mr. England in turn locked the doors to the house, and he left. When he returned forty-five minutes later, the door screen had been cut and the door to the back porch opened. Several tools had been stolen. In order to reach the tools, the burglar had moved a mirror which had been lying on top of the tool boxes. Appellant's fingerprint was "lifted" from the frame of the mirror. This was the only physical evidence connecting appellant with the burglary and theft.

Mr. England had purchased the mirror at a public auction three days before the burglary. Thus, the mirror was not in the house at the time of appellant's visit ten days earlier, and the print could not have been made during that visit. However, appellant argues that his fingerprint could have been placed on the mirror at the auction or at some time prior to its purchase by Mr. England.

Appellant urges us to reverse his convictions and cites *Nichols v. State* (1973), 157 Ind.App. 605, 301 N.E.2d 246. In *Nichols*, the only evidence connecting Nichols with the burglary was the existence of his fingerprints on a tool box and on some broken glass near the front door of the burglarized business. The Court of Appeals reversed his conviction because, it stated, proof of "his presence, without more, in or near the

burglarized premises, is not sufficient to prove he had an intention to commit a felony at the time he entered.... For aught that appears, his entry may have been authorized as a business invitee...." *Id.*, 301 N.E.2d at 249.

The State urges us to affirm the convictions and cites *Shuemak v. State* (1970), 254 Ind. 117, 258 N.E.2d 158, in which Shuemak's fingerprint was discovered on a coin box from which money was stolen. The coin box had been removed from a vending machine. In upholding Shuemak's conviction, this Court noted: "The coin box was not accessible to appellant prior to the breakin. Under the circumstances it is universally recognized a finger, palm or bare footprint found in the place where a crime was committed may be sufficient proof of identity." *Id.*, 258 N.E.2d at 159.

This case differs from *Nichols* in that appellant's print was found not in a public place but in a private dwelling. *See Staggers v. State* (1985), Ind., 477 N.E.2d 539, 544. However, it is also unlike *Shuemak* because appellant Hanks' print was found on an object which had been recently accessible to the public and, theoretically, could have been made then. Despite this distinction from *Shuemak*, however, we are constrained by our standard of review not to reverse the convictions.

Appellant does not claim he attended the auction in fact or in any way handled the mirror before its purchase by Mr. England. Of course, he was not burdened with proving his print was placed legitimately on the mirror, but we cannot say that the mere possibility it was placed there prior to Mr. England's purchase requires our reversal. The suggestion that the appellant touched the mirror someplace, anyplace, sometime before it entered Mr. England's house, is sheer conjecture. For this Court to affirm the convictions, the circumstantial evidence against appellant need not exclude every hypothesis of his innocence. *Ballard v. State* (1982), Ind., 438 N.E.2d 707; *Voss v. State* (1984), Ind.App., 469 N.E.2d 788. The question is whether a reasonable person could infer that, beyond a reasonable

doubt, the print was made in the perpetration of the burglary and theft. *Jackson v. State* (1980), 273 Ind. 49, 402 N.E.2d 947, 949.

We need not conclude, as did the *Nichols* court, that for aught that appears appellant's print was placed legitimately. The jury could have concluded from appellant's print on an object which clearly was handled by the burglar in order to commit the crime, coupled with his presence and familiarity with the premises, and his knowledge of the best moment to commit the crime, that appellant was guilty as charged beyond a reasonable doubt.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.