Alvin C. RAINS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–8607–CR–636.

Supreme Court of Indiana.

Feb. 23, 1988.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Alvin C. Rains III was tried before a judge and convicted of burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.), and theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1985 Repl.). The trial court sentenced Rains to concurrent terms of eighteen years for the burglary and four years for the theft. On direct appeal, Rains raises a number of issues which we consolidate into one question: whether the evidence that Rains was the burglar is sufficient to sustain the convictions for burglary and theft. We affirm.

The evidence at trial revealed that on June 11, 1985, Jack Harman and his housemate Stephen Reese left their home on separate business trips. Both Harman and Reese saw Rains before they left and told him that they would be gone for three or four days. Harman left first. Reese left later the same day after checking the windows and doors to make sure they were locked. Rains did not have permission to enter the residence while Harman and Reese were away. On June 13, a witness saw Rains on Harman's front porch in the act of closing the screen door.

On June 14, Harman returned to find that someone had broken into his home through the locked kitchen window at the back of the house. There were pry marks on the still-locked front door and on the kitchen window. Harman's ten-speed bicycle had been stolen and the safe Harman kept in his bedroom had been forced open. Harman's large screwdriver and hammer were found near the broken safe. Reese's leather jacket, gold chain, and C.B. radio were also missing. Harman found appellant's six-inch screwdriver on the kitchen counter near the window. It had not been there before Harman and Reese left on their trips.

Rains was Harman's friend, neighbor, and frequent visitor. He often helped Harman "fix things around the house." Rains knew Harman had a safe in his bedroom, he knew where Harman's tools were, and he knew that Harman and Reese would be out of town for three or four days. Rains claims that even though the residence was broken into and property belonging to Harman and Reese was missing, there was insufficient evidence that Rains was the one who broke, entered and committed the theft.

In reviewing the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260,

*cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. We look only to the evidence most favorable to the judgment to determine whether there was proof of each element beyond a reasonable doubt. Circumstantial evidence alone is sufficient where the reasonable inferences drawn from that evidence support the judgment. *Jones v. State* (1985), Ind, 485 N.E.2d 627. Circumstantial evidence need not exclude every reasonable hypothesis of innocence. *Ballard v. State* (1982), Ind., 438 N.E.2d 707.

In similar cases, we have relied upon three kinds of circumstantial evidence as probative of identity when taken together: first, knowledge of opportunity to commit the crime; second, presence on the premises contemporaneous with the crime; and third, lack of legitimate access to the premises.

In *Hanks v. State* (1985), Ind., 484 N.E. 2d 14, the victim told the defendant that he was leaving soon on an errand. The victim returned forty-five minutes later and found that his house had been broken and entered and a theft had occurred. The defendant's knowledge of opportunity to commit the burglary was one factor which led to the inference that the defendant was the burglar. In addition, the police found defendant's fingerprint on a mirror inside and the mirror had to be moved to reach the stolen items. Finally, the defendant had no other opportunity to touch the mirror.

In *Mediate v. State* (1986), Ind., 498 N.E. 2d 391, the identity of the burglar was inferred primarily from circumstantial evidence. The defendant's latent fingerprint was found on a box of shotgun shells which had been displaced during the burglary, and defendant had no opportunity to handle the box other than during the burglary.

In *Mediate* and *Hanks,* a fingerprint at the scene of the burglary provided direct evidence that the owner of the fingerprint had put it there. The question was whether the defendant had left the print during the perpetration of the burglary. In both cases, the question was answered by evidence precluding legitimate access to the premises or the handled object at any time. In *Mediate,* the defendant's legitimate access to the premises was precluded because the victim and defendant were strangers. Although the defendant in *Hanks* had legitimate access to the premises, legitimate access to the handled object was precluded because defendant had not been in the house since the object had been placed there by the victim, and there was no evidence that defendant had touched the object before it had been placed in the house. In both *Mediate* and *Hanks,* direct evidence of the appellant's presence together with preclusion of legitimate access at any other time supported the finding that the appellant's presence was contemporaneous with the burglary.

In the instant case, there are three circumstances which together provide a sufficient basis from which the trial judge could infer that Rains was the person who broke and entered the house with the intent to commit theft. First, Rains had knowledge that there would be a period of time in which Harman and Reese would be out of town. This knowledge provides an insubstantial inference when considered by itself because the window of opportunity was three days. Nevertheless, it is still probative. Second, Rains' presence in the house may be reasonably inferred from the presence of his six-inch screwdriver found inside the house. Third, Rains' presence at the time of the crime may be inferred from the following: the screwdriver was not on the counter before the three-day period during which the crime was committed; the screwdriver was found near the window which the burglar pried open to gain entry; and a witness saw Rains outside the front door during the three-day period during which the crime was committed.

The evidence was sufficient to support the judgment of the trial court. Accordingly, the judgment is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.