**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 30 2013, 8:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RUSSELL GRADY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1210-CR-854 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebekah Pierson-Treacy, Judge
Cause No. 49F19-1205-CM-32927

**May 30, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Defendant, Russell Grady (Grady), appeals his conviction for battery, a Class A misdemeanor, Indiana Code § 35-42-2-1.

We affirm.

ISSUE

Grady raises one issue on appeal, which we restate as: Whether there is sufficient evidence beyond a reasonable doubt to support his conviction.

FACTS AND PROCEDURAL HISTORY

Grady worked as a contractor at Xerox in Indianapolis. On April 30, 2012, Grady's employer telephoned him at Xerox and informed him that he was being terminated. Because Xerox handles confidential information, terminated workers are not permitted to return to their desks or computers. Grady nevertheless returned to his desk and attempted to use his computer. Michelle Akers, Grady's supervisor, approached Grady and told him to turn off his computer. When Grady refused, Akers pushed the button on the computer's hard drive to turn it off for him. While Akers was pushing the button, Grady struck her arm, causing bruises.

On May 21, 2012, the State filed an Information charging Grady with battery as a Class A misdemeanor, I.C. § 35-42-2-1. At the October 1, 2012, bench trial, the State offered into evidence photographs taken the day after Grady struck Akers. The photographs showed bruises on Akers' arm. Officer Dennis Scott testified that when he

2

interviewed Akers, he also noticed bruises on her arm. Grady was convicted as charged and sentenced to 365 days in jail, with 361 days suspended to probation.

Grady now appeals. We will provide additional facts when necessary.

DISCUSSION AND DECISION

Grady concedes that the "evidence presented in this case, if true, would normally be sufficient to sustain a conviction for Class A misdemeanor battery." (Appellant's Br., p. 5). However, Grady contends that this evidence is insufficient to support his battery conviction because Akers' testimony was incredibly dubious. Our standard of review for sufficiency of the evidence is well settled. We neither reweigh the evidence nor judge the credibility of the witnesses. *Hollowell v. State*, 707 N.E.2d 1014, 1019 (Ind. Ct. App. 1999). Rather, we will consider only the evidence most favorable to the verdict, together will all reasonable inferences to be drawn therefrom. *Id.* The conviction will be affirmed if substantial evidence of probative value exists from which a trier of fact could find the defendant guilty beyond a reasonable doubt. *Id.*

Pursuant to the narrow limits of the incredible dubiosity rule, a reviewing court may impinge upon the finder of fact's function to judge the credibility of witnesses. *Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002). We may reverse a conviction if a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence. *Id.* This is appropriate only in the event of inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. *Id.* Application of this rule is rare, and the standard to be applied is whether the testimony is

3

so incredibly dubious or inherently improbable that no reasonable person could believe it. *Id.*

Here, Akers' testimony was neither equivocal nor wholly uncorroborated. First, she never waivered from her account of the events, and her testimony did not present any internal inconsistencies. Second, circumstantial evidence was presented by Officer Scott, who observed bruises on Akers' arms. Photographs taken the day after the incident and offered into evidence at trial also showed the bruises. Akers' testimony was not so incredibly dubious that no reasonable person could believe it, and there is sufficient evidence to support Grady's battery conviction.

## CONCLUSION

Based on the foregoing, we conclude that there is sufficient evidence to support Grady's battery conviction.

Affirmed.

BRADFORD, J. and BROWN, J. concur

4