## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 07 2018, 8:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Phillips
Boonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Trent M. Summers,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 7, 2018

Court of Appeals Case No.
19A01-1709-CR-2021

Appeal from the Dubois Circuit Court

The Honorable Nathan A. Verkamp, Judge

Trial Court Cause No.
19C01-1607-F6-575

**Najam, Judge.**

## Statement of the Case

Trent M. Summers appeals his conviction for battery, as a Level 6 felony, following a jury trial. Summers raises a single issue for our review, namely, whether the State presented sufficient evidence to rebut his claim of self-defense. We affirm.

## Facts and Procedural History

In the late evening of July 9, 2016, and early morning of July 10, Jonathon Wirthwein and some of his friends were at the Snaps restaurant and bar in Jasper. Wirthwein and his friends had been drinking and were "goof-balling around." Tr. Vol. 2 at 217. Summers was also at the bar. At some point, Wirthwein obtained a bottle of lime juice, and he squirted lime juice on Summers' chest and arm. In response, Summers punched Wirthwein in the face and broke his nose.

On July 11, the State charged Summers with battery, as a Level 6 felony. At his ensuing jury trial, Summers asserted the affirmative defense of self-defense, but a jury rejected his defense and found him guilty. The trial court entered its judgment of conviction and sentenced Summers to one year suspended to probation. This appeal ensued.

## Discussion and Decision

On appeal, Summers asserts that the State failed to present sufficient evidence to rebut his claim of self-defense. As the Indiana Supreme Court has explained:

When a defendant challenges the State's sufficiency of the evidence to rebut a claim of self-defense, the standard of review remains the same as for any sufficiency of the evidence claim. We neither reweigh the evidence nor assess the credibility of witnesses but look solely to the evidence most favorable to the judgment with all reasonable inferences to be drawn therefrom. We will affirm a conviction where such evidence and reasonable inferences constitute substantial evidence of probative value sufficient to support the judgment.

Self-defense is recognized as a valid justification for an otherwise criminal act. When raised, a defendant must establish that he or she was in a place where he or she had the right to be, acted without fault, and was in reasonable fear or apprehension of death or great bodily harm. Once a defendant claims self-defense, the State bears the burden of disproving at least one of these elements beyond a reasonable doubt for the defendant's claim to fail. The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief. Whether the State has met its burden is a question of fact for the jury.

*Miller v. State*, 720 N.E.2d 696, 699-700 (Ind. 1999) (citations omitted). Further, the amount of force used to protect oneself must be proportionate to the urgency of the situation. *Hollowell v. State*, 707 N.E.2d 1014, 1021 (Ind. Ct. App. 1999). Where a person has used more force than necessary to repel an attack, the right to self-defense is extinguished, and the ultimate result is that the victim becomes the perpetrator. *Id.*

[5] Here, Summers asserts that he was legally justified in punching Wirthwein in the face because Wirthwein had squirted lime juice on him. According to

Summers, the lime juice hit Summers in the eye, which caused discomfort. Summers further asserts on appeal that, prior to him punching Wirthwein, Summers had heard Wirthwein use racial epithets.

[6] As an initial matter, Summers' reading of the record is not consistent with our standard of review. The evidence most favorable to the jury's verdict demonstrates that none of the lime juice Wirthwein squirted on Summers hit Summers in the eyes. *See, e.g.*, Tr. Vol. 2 at 176. The evidence most favorable to the jury's verdict also demonstrates that Wirthwein did not use racial epithets. *See, e.g.*, *id.* at 201-02. Accordingly, insofar as Summers' arguments on appeal are premised on his assessment of the record, Summers' arguments must fail.

[7] In any event, Summers also asserts that a reasonable person, when squirted with an unknown, burning liquid, would act in self-defense. As Summers says, "[f]or all [he] knew, the liquid could have been acid." Reply Br. at 5. Thus, he argues, he had a "reasonable fear or apprehension of death or great bodily harm," which the State failed to negate.[1] *See Miller*, 720 N.E.2d at 700.

[8] We conclude that the jury was entitled to reject Summers' self-defense claim on the evidence before it. The State's evidence demonstrated that Wirthwein had squirted Summers on the chest and arm with some lime juice. Summers' discomfort aside, the jury was free to conclude that no reasonable person would

---

[1] The other elements of Summers' self-defense claim are not in dispute.

have concluded that such an act placed him in fear of death or great bodily harm. *See id.* The jury was also free to conclude that the force with which Summers struck Wirthwein was more than necessary to repel the lime-juice attack, and, as such, Summers had become the perpetrator and Wirthwein the victim. *See Hollowell*, 707 N.E.2d at 1021. Accordingly, the State presented sufficient evidence to rebut Summers' claim of self-defense, and we affirm his conviction.

[9] Affirmed.

Mathias, J., and Barnes, J., concur.