## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 26 2019, 7:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Samantha L. Lotaki,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 26, 2019

Court of Appeals Case No.
19A-CR-376

Appeal from the St. Joseph
Superior Court

The Honorable Margot F. Reagan,
Judge

The Honorable Julie P. Verheye,
Magistrate

Trial Court Cause No.
71D04-1806-CM-2339

**Bailey, Judge.**

# Case Summary

For her actions during a bar fight, Samantha L. Lotaki ("Lotaki") was convicted of Disorderly Conduct, as a Class B misdemeanor.[1] On appeal, she presents the sole issue of whether the State presented sufficient evidence to rebut her claim of self-defense. We affirm.

# Facts and Procedural History

In the early morning of June 29, 2018, South Bend Police Department Officer Joseph Galea ("Officer Galea") responded to a call that there was "a large fight involving pool sticks" at the Peddler's Pub. (Tr. 4.) On arrival, several men outside told the officer he "needed to get in there in a hurry." (Tr. 4.) From the parking lot, he could see "pool sticks flying and several people involved in a melee[.]" (Tr. 7.) Inside he encountered a "chaotic" scene, with "tables and chairs kicked over, bottles broken all over the floor, some blood dripping from the corner." (Tr. 6-7.) He saw approximately six or seven women had cornered a woman later identified as Adriana Diaz ("Diaz") over by a pool table. Several women were striking at Diaz, and she was bleeding from above her eye. Officer Galea then saw Lotaki punch Diaz in the head. The officer immediately entered the fray, grabbed Lotaki, and took her outside, where he placed her in handcuffs until backup arrived.

---

[1] Ind. Code § 35-45-1-3(a)(1).

[3] Lotaki was charged with Battery Resulting in Bodily Injury, as a Class A misdemeanor ("Count 1"),[2] and disorderly conduct. The State later moved to dismiss Count 1. Following a bench trial at which both Officer Galea and Lotaki testified, Lotaki was convicted of the remaining charge. She now appeals.

# Discussion and Decision

[4] A person who recklessly, knowingly, or intentionally engages in fighting or in tumultuous conduct commits disorderly conduct. I.C. § 35-45-1-3(a)(1). Lotaki does not dispute that she engaged in disorderly conduct. Rather, she challenges the sufficiency of the evidence presented to rebut her claim of self-defense.

[5] It is the policy of the State of Indiana that people have a right to defend themselves and third parties from physical harm and crime. I.C. § 35-41-3-2(a). "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." I.C. § 35-41-3-2(c). "A valid claim of self-defense is legal justification for an otherwise criminal act." *Coleman v. State*, 946 N.E.2d 1160, 1165 (Ind. 2011). To prevail on a self-defense claim, a defendant must have acted without fault, been in a place where he or she had a right to be, and been in reasonable fear or apprehension of bodily harm.

---

[2] I.C. § 35-42-2-1(c)(1), (d)(1).

*Weedman v. State*, 21 N.E.3d 873, 891-92 (Ind. Ct. App. 2014), *trans. denied*. The amount of force used by the defendant must be proportionate to the urgency of the situation. *Id*. at 892. Thus, when a person has used more force than necessary to repel an attack, the right to self-defense is extinguished, and the victim becomes the perpetrator. *Hollowell v. State*, 707 N.E.2d 1014, 1021 (Ind. Ct. App. 1999).

[6] When a defendant raises a claim of self-defense and the claim finds support in the evidence, the State bears the burden of negating at least one of the necessary elements. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). On appeal, the standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as for any sufficiency of the evidence claim. *Id.* at 801. We neither reweigh the evidence nor judge witness credibility. *Id*. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the judgment will not be disturbed. *Id*. We will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Id*. at 800-01.

[7] At trial, Lotaki testified that the fracas began when one of her friends got into a verbal altercation with a woman in Diaz's group. She further testified that she felt "unsafe" and "threatened" at the time she struck Diaz (Tr. 20), and that she only used physical force after she was first "physically assaulted." (Tr. 19.) Thus, Lotaki argues that she raised a valid claim of self-defense because she had a right to be in the bar, did not instigate the fight, and "in throwing a single punch reacted reasonably to the threat that she faced[.]" (Appellant's Br. 4.)

She also contends that the State failed to negate her claim of self-defense because there was no evidence that her actions were disproportionate to any assault that had been perpetrated on her.

[8] The evidence fairly establishes that Lotaki had a right to be at the Peddler's Pub and did not start the brawl. However, we do not reweigh evidence or the credibility of witnesses on appeal. *Wilson*, 770 N.E.2d at 801. Notwithstanding Lotaki's testimony that she felt threatened and had been attacked, Officer Galea testified that at the time Lotaki struck Diaz in the head, Diaz was backed into a corner, several women were striking at Diaz, and Diaz was bleeding above the eye. Officer Galea's testimony was sufficient evidence from which the trial court could have reasonably concluded that Lotaki (1) was not in reasonable fear or apprehension of bodily harm at the time she struck Diaz, or (2) used more force than necessary to repel any attack that may have previously occurred.

[9] Affirmed.

Pyle, J., concurs.
Riley, J., concurs in result with separate opinion.

| Samantha L. Lotaki, | Court of Appeals Case No. |
|---|---|
| *Appellant-Defendant,* | 19A-CR-376 |
| v. | |
| State of Indiana, | |
| *Appellee-Plaintiff.* | |

**Riley, Judge, concurring in result.**

[10] I agree that Lotaki could not successfully raise a claim of self-defense, but I write separately because I believe that a more persuasive rationale exists for our holding today. The self-defense statute provides that a person is not justified in using force if

> the person has entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action.

Ind. Code § 35-41-3-2(g)(3) (2013). Put another way, "[a] mutual combatant, whether or not the initial aggressor, must declare an armistice before he or she may claim self-defense." *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). Here, Lotaki was in a group of women, one of whom had a verbal altercation with

Diaz. As noted above, by the time Lotaki struck Diaz, Diaz had been backed into a corner where she was crouching down, and several women were striking Diaz. Diaz was not charging Lotaki or menacing her at that point. The reasonable inference to be made from Lotaki's continued presence after Diaz had been subdued by others was that Lotaki was a willing participant in the fight when she struck Diaz. Lotaki never claimed that she attempted to withdraw prior to striking Diaz, and, therefore, she was precluded from claiming self-defense. For these reasons, I concur.