## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 19 2019, 10:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Nina Caudle
West Bloomfield, Michigan

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nina Caudle, <br> *Appellant,* <br><br> v. <br><br> Roby Whittington, <br> *Appellee.* | December 19, 2019 <br><br> Court of Appeals Case No. 19A-TR-332 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable William E. Davis, Judge <br><br> Trial Court Cause No. 45D05-1806-TR-16 |

**Bradford, Judge.**

# Case Summary

[1]     In May of 2018, Nina Caudle filed a petition to docket a trust for purposes of reformation ("the Petition"). On January 15, 2019, the trial court granted opposing party Roby Whittington's motion to dismiss the Petition. Caudle contends that the trial court erred by failing to provide her notice of the motion. We affirm.

# Facts and Procedural History

[2]     On May 24, 2018, Caudle filed the Petition after it seems that Northern Trust, the apparent trustee, required clarification of the terms of Caudle's Mother's trust before it would move the assets of her Mother's estate into the trust. On July 31, 2018, Caudle moved to withdraw her petition, and Caudle's counsel moved to withdraw her appearance after Caudle apparently terminated the representation. Whittington, however, through counsel, moved to dismiss the Petition with a request for sanctions. On December 18, 2018, the trial court held a hearing on the motions, at which Caudle was not present. On January 15, 2019, the trial court granted all motions and ordered Caudle to pay Whittington's attorney fees in the amount of $4276.80.

# Discussion and Decision

[3]     Caudle contends that the trial court failed to provide her notice of Whittington's motion to dismiss, denying her the opportunity to contest said motion. As an initial matter, we note that Caudle appeared in this appeal *pro se*. "*Pro se*

litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules." *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. One such procedural rule that Caudle was required to follow was Indiana Appellate Rule 46(A), which required, in relevant part:

> (6) *Statement of Facts.* This statement shall describe the facts relevant to the issues presented for review but need not repeat what is in the statement of the case.
>
>> (a) The facts shall be supported by page references to the Record on Appeal or Appendix in accordance with Rule 22(C).
>>
>> (b) The facts shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed.
>
> [ … ]
>
> (8) *Argument.* This section shall contain the appellant's contentions why the trial court or Administrative Agency committed reversible error.
>
>> (a) The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.
>>
>> (b) The argument must include for each issue a concise statement of the applicable standard of review; this statement may appear in the discussion of each issue or

under a separate heading placed before the discussion of the issues. In addition, the argument must include a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by any Administrative Agency or trial court.

"Failure to present a cogent argument constitutes waiver of that issue for appellate review." *Hollowell v. State*, 707 N.E.2d 1014, 1025 (Ind. Ct. App. 1999).

[4] Here, Caudle has failed to present a cogent argument and therefore has waived appellate review. Among other deficiencies, Caudle's statement of facts cites orders and records which were not included in her Appendix, she fails to cite any legal precedent, and her Appendix is devoid of a chronological case summary or relevant procedural history sufficient to determine the merits of her notice claim. Caudle's failure to comply with Indiana Appellate Rule 46(A) prevents us from adequately reviewing her claim.

[5] The judgment of the trial court is affirmed.

Robb, J., and Altice, J., concur.