**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 19 2013, 7:09 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DANIEL R. FUQUAY, SR.**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANIEL R. FUQUAY, SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1208-CR-360 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Carl A. Heldt, Judge
Cause No. 82C01-9012-CF-8529

**June 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Daniel R. Fuquay appeals the denial of his motion to correct erroneous sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 16, 1992, Fuquay pled guilty to Class B felony dealing in cocaine[1] and was sentenced to ten years, with five years executed and five years suspended, to be served consecutive to a twenty-year sentence he was already serving. On June 9, 2003, after serving both sentences, Fuquay began probation. On March 27, 2008, the trial court revoked Fuquay's probation after he pled guilty to Class D felony possession of cocaine, and ordered him to serve his previously-suspended five-year sentence consecutive to his sentence for Class D felony possession of cocaine[2].

On June 26, 2012, Fuquay, *pro se*, filed a motion to correct erroneous sentence. On July 31, the trial court denied his motion.

## DISCUSSION AND DECISION

We first note Fuquay proceeds in his appeal *pro se*. It is well settled that *pro se* litigants are held to the same standards as licensed attorneys, and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Fuquay has not complied with Ind. Appellate Rule 50(A)(2), which requires the appellant's appendix to contain a copy of "the appealed judgment or order, including any written opinion, memorandum of decision, or findings of fact and conclusions thereon relating to the

---

[1] Ind. Code § 35-48-4-1.
[2] Ind. Code § 35-48-4-6.

2

issues raised on appeal." Fuquay has not included in the record a copy of the order denying his motion to correct erroneous sentence.

"[A] motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004). Pursuant to App. R. 46(A)(8)(a), the appellant's argument must "contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to authorities, statutes, and the Appendix or parts of the Record on Appeal relied upon[.]" Failure to present a cogent argument results in waiver of the issue on appeal. *Hollowell v. State*, 707 N.E.2d 1014, 1025 (Ind. Ct. App. 1999). Fuquay's argument is, at best, difficult to determine, and the cases he cites as authority seem to have no bearing on any issues he presents. He has thus waived his argument by failing to make a cogent argument and we accordingly affirm the decision of the trial court.

Affirmed.

BAKER, J., and MATHIAS, J., concur.